The opinion of the Court was delivered by
Poché, J.
In an action for defamation of character, plaintiff has taken this appeal from a verdict of the jury rejecting his demand for ten thousand dollars, damages claimed of the defendant, whom he charges to have called him a u thieving puppy and villain.”
The defense is a general denial, followed hy a special averment, alleging in substance that the language complained of was used without malice, in a moment of irritation, brought about by the attempt of plaintiff to defeat the defendant in the collection of a just debt; which resulted in an angry altercation, during which the defendant, a man of more than sixty years of age, weak and feeble in body, was cruelly beaten hy plaintiff, his son-in-law, a man of the age of 35, of great bodily strength and vigor.
Our attention is called to numerous bills of exception taken by plaintiff to adverse rulings of the District Judge, and we shall proceed to dispose of a few of his hills which present grounds apparently serious.
He moved that defendant he ordered to elect between his general denial and his special pleas, which he considered as inconsistent, and he vehemently complains of the refusal of the Judge to thus order.
The general denial specially excepted such allegations, as were sub *335 sequently admitted, and must be considered as denying tlie allegations •of malice and a wanton desire to injure plaintiff, by tlie words used, in public opinion or in tlie esteem and consideration of bis Mends and acquaintances, and is not in the least inconsistent with tlie special plea ivliicb specifies other reasons in bar of plaintiff’s right of recovery.
In the case of Hawkins vs. New Orleans Printing and Publishing Company, 29 A. 134, identical pleas were met with similar objections, and were held by the Court as perfectly consistent and easily reconcilable. These considerations dispose of plaintiff’s objections to the introduction of any testimony by defendant, in support of either of his pleas; on the ground that the general issue had been waived by the special defenses, and that the latter had not been set forth with sufficient certainty.
The District Judge was equally c.orreet in his ruling, by which he overruled plaintiff’s objections to proof of the assault and battery committed on the defendant by plaintiff. It was part of the res gestes, and showed that the whole subject matter was a personal quarrel, during which opprobrious epithets were mutually indulged in, and where angry passions culminated in an encounter in which the weaker party was severely punished by his fierce and more powerful adversary, who, in addition to a vengeance sounding in well inflicted blows, seeks to satiate his thirst for revenge by pecuniary solace to his injured feelings and his wounded honor.
While the jury was being empanelled, plaintiff asked of a. juror, on his voir dire, “ whether or not he had any bias or prejudice against suits of this kind,” to which the juror naturally answered that he had. The question having been overruled by the court, plaintiff retained a bill of exceptions. The question was properly rejected as impertinent, and not calculated to test the juror’s impartiality between the parties to the suit. A juror’s distaste for a suit for slander, growing out of a private quarrel between parties so closely connected by marriage, proves that he possesses a proper sense of delicacy and an appreciation for substantial justice, which contribute to his fitness, instead of showing his disqualification, to sit as a juror in the administration of justice.
The other bills reserved by plaintiff, and some by defendant, are not sufficiently serious to require discussion at our hands.
On the merits of the case, we find no reasons to justify our interference with the finding of the jury, whose verdicts in such cases are never disturbed by the appellate tribunals, unless glaringly unjust or manifestly erroneous.
We have read with interest, and heartily endorse the very able, exhaustive and impartial charge of the Judge, who correctly expounded the law governing such eases, to the jury.
*336 The voluminous testimony, which we have read and maturely considered, presents in substance the following case:
Plaintiff, who was the son-in-law of the defendant, had been gradually estranged from his father-in-law since the latter’s second marriage, and had had several unpleasant difficulties with him on business matters.
On the 9th of June, 1880, they accidentally met on the road, in the presence of several neighbors, and began to discuss a difficulty of recent origin between them, in the course of which they both became angry and abusive of each other, and during which the words complained of were used by the defendant, for which he was then and there severely beaten and chastised by his muscular son-in-law. We, therefore, conclude, that under such a state of facts, the jury, wondering, like ourselves, how such a case ever found its way in the courts of the country, especially at this stage of our jurisprudence, returned a verdict which has made a correct application of our well established jurisprudence in such cases, as illustrated in numerous decisions, among which the following are strikingly in point: 2 L. 577, Trimble vs. Moore; 8 A. 130, Gielbert vs. Palmer; 9 A. 358, Fuldo vs. Caldwell; 10 A. 557, King vs. Ballard; 15 A. 48, Arieta vs. Arieta.
We cannot refrain from an expression of our regret at the appearance of such a cause on our docket, which teems with cases involving important and scientific questions of law, the decision of which will settle rights of vast magnitude, and will contrihute to settle points of great interest in our jurisprudence. Like onr learned brothers, in disposing of the case reported in 9 A. 358, we think that “it is not fit that such cases as this record presents should he brought before the courts. Better far would it have been for the credit of the parties and the cause of justice, if the matters disclosed had been permitted to remain only in the knowledge of the by-standers, than to have blazoned them on the records of the tribunals.”
In the interest of society and of peace in the State, rve indulge the hope that our learned brothers of the law profession will lend their influence to the suppression of such litigation.
The judgment appealed from is affirmed at appellant’s costs.